## SUPREME COURT.

In the MATTER of the petition of the RONDOUT & OSWEGO RAIL ROAD Co. for the appraisal of real estate, *respondents*, agt. RICHARD FIELD AND WIFE, *appellants*.

Where it appears from the *report of commissioners for the appraisal of damages* for taking property, that there was no irregularity committed by the commissioners, and no error existed which would authorize the court to set aside the proceedings, this court on appeal must affirm the order confirming the report; although affidavits were used on the motion for confirmation of the report to show error.

t is well settled that no affidavits can be used on a motion to *confirm* the report of the commissioners, nor on the *appeal* from the order of confirmation. The court, in such case, must act solely on the report of the commissioners.

*Albany General Term, May* 1869.

MILLER, INGALLS, and PECKHAM, *Justices.*

APPEAL from order of special term confirming report of commissioners appointed to appraise the damages sustained by the appellants, for the taking of their lands, and from the appraisal and report of the commissioners.

M. SCHOONMAKER, *for appellants.*
WM. LOUNSBERRY, *for respondents.*

*By the court,* MILLER, J. The proceedings of the commissioners, as reported by them, do not show any act on their part or any error committed which would justify us in setting aside their report. It appears that both parties were content to leave the question of damages to the judgment of the commissioners without taking any testimony. No proof was offered on either side nor desired to be given by either party, and the commissioners appraised the damages upon their own inspection of the premises. It was not the

fault of the commissioners that evidence was not introduced, and as the appellants had the right to offer witnesses and failed to do so, they have no right to complain that injustice was done by their neglect to produce them.   The record itself discloses no unfairness or injustice and no legal error.

Upon the motion to confirm the report, the counsel for the appellants attempted to establish that the property was undervalued and their rights affected,.by the introduction of affidavits as to the value of the property and the grounds upon which the valuation was made.   This, I think, cannot be done.   It has been decided in several cases that affidavits cannot be used either on the motion to confirm or on the appeal from the appraisal to impeach or contradict the report of the commissioners.

In *N. Y. & E. R. R. Co.* agt. *Corey* (5 *How.*, 177), it was held that upon an appeal from the report of the commissioners the court can only look at the matters contained in the report as the foundation of any order to be made upon the appeal, and that *ex parte* affidavits and papers cannot be received.

In the *N. Y. & E. R. R. Co.* agt. *Cohen* (6 *How.* 223), it was held that no affidavits can be read upon the review of an appeal, and the court must act solely upon the report of the commissioners.        .

In the *R. & G. V. R, R. Co.* agt. *Beckwith* ( 10 *How.*, 168), it was decided, that upon a motion to confirm the commissioners report of appraisement, that no affidavits or other proof should be heard to contradict or impeach the truth of the matters contained in the report.

.  If the report is untrue in any material respect, or the proceedings of the commissioners have been irregular and the report fails to state the facts constituting the irregularity, the proper remedy is to apply to the court to set aside and vacate the report.

In the *R. & S. R. R. Co.* agt. *Budlong* (6 *How.*, 467), it

was also held that the court will not interfere and set aside the appraisal on the ground that the compensation awarded is too great or too small, unless the evidence of injustice is palpable on the *face of the proceedings as contained in the report.*

*The report itself* must show that an error has been committed or that injustice has been done, to enable the court upon appeal to reverse the proceedings.

It is apparent that independent of the affidavits introduced, no irregularity was committed by the commissioners and no error exists which would authorize this court to set aside the proceedings.

They cannot be vacated on this appeal, and having in view the authorities cited, we have no authority to set aside the report.

If any remedy existed it was by a motion to the court upon affidavits which could be met by counter proof if desired, and when an abundant opportunity would be furnished to explain or rebut the facts stated in opposition to the report of the commissioners. If a different rule prevailed, the report could be assailed by *ex parte* affidavits and statements which the moving party would have no opportunity to meet.

For the foregoing reasons I am of the opinion that the order appealed from should be affirmed with $10 costs of appeal.